UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Dana T. Rister,                                             Case No.  3:12-cv-00725

        Plaintiff

v.                                                          MEMORANDUM OPINION
                                                            AND ORDER

Mike Wisely, et al.,

        Defendants


**BACKGROUND AND HISTORY**

On January 4, 2013, p*ro se* Plaintiff Dana T. Rister filed a Motion for Reconsideration (Doc. No. 6), listing Toledo Correctional Institution ("ToCI") Sergeant Wisely, Lieutenant Henderson, and Rebeckha Brown as the Defendants in this action.  Plaintiff asks me to aside the judgment against him entered on December 13, 2012 (Doc. No. 4).  He asserts additional factual allegations and legal claims which he believes will bolster his case.

Plaintiff filed this action originally under 42 U.S.C. § 1983 against Wisely, Henderson and Officer Kirkpatrick.  Rebeckha Brown is not a party in this case.  Plaintiff's Complaint was very brief.  He alleged that on January 31, 2011, Officer Kirkpatrick took his personal property, and Sergeant Wisely ordered the property to be destroyed without conducting a proper hearing.  He argued that the contraband rules allow some inmates to send valuables home while other valuables are destroyed, and he claimed this was a violation of equal protection.  Finally, he asserted that the

confiscated property included some religious materials which he claimed violated the First Amendment. I construed his claim for the destruction of property without a proper hearing as a claim for denial of due process. Thereafter, I determined Plaintiff's Complaint failed to state a claim upon which relief may be granted, and dismissed this action on December 13, 2012 pursuant to 28 U.S.C. § 1915(e) (Doc. No. 4).

In his motion for reconsideration, Plaintiff argues his Complaint had merit and should not have been dismissed. He admits the amount of property in his possession on January 31, 2011, exceeded the amount that prisoners were permitted to possess at any one time. The excess property was considered contraband and was confiscated. He was also issued a conduct report for possession of contraband. Plaintiff now claims he was denied a proper hearing on the conduct report and was denied a proper hearing before his property was destroyed.

With respect to the conduct report, Plaintiff claims the Rules Infraction Board denied him a proper hearing because they did not follow proper protocol. He alleges he was told to sign the conduct report, but he refused to do so believing that if he signed it he would be admitting guilt. He asserts that he has a constitutional right to refuse to sign the report. He further contends he was a patient under care of the mental health department at the time he was issued the conduct report, and should have received a mental health assessment by mental health staff prior to being prosecuted for conduct charges. He claims that the Rules Infraction Board had no authority to prosecute him until the assessment was completed. He claims the officers denied him due process.

In addition, Plaintiff alleges that he was deprived of his property by random unauthorized acts of the Defendants and the post deprivation remedies provided by the state were inadequate to redress the deprivation. He acknowledges that the State of Ohio provides a remedy through the Ohio Court of Claims. He contends he filed a lawsuit in the Ohio Court of Claims but it was dismissed on the merits. He claims this rendered his post deprivation remedies inadequate to

2

redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983).

## STANDARD OF REVIEW

A motion for reconsideration is construed by the Sixth Circuit Court of Appeals as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment. *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) by filing a motion "no later than 28 days after the entry of the judgment." FED.R.CIV.P. 59(E). Such a motion is extraordinary and is seldom granted "because it contradicts notions of finality and repose." *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, slip op. at *1 (M.D. Tenn. Jan. 26, 2011). For this reason, a court may grant a Motion to Alter or Amend Judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) motions are aimed at reconsideration, not initial consideration. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Parties therefore should not use them to raise arguments which could, and should, have been made before judgment issued. *Id.* Moreover, a party cannot utilize a Rule 59(e) motion to re-argue his case simply because he disagrees with the result. *Keeweenaw Bay Indian Cmty. v. United States*, 940 F.Supp. 1139, 1141 (W.D. Mich. 1996). Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence. *Id.*

Plaintiff's Motion centers on his claim for denial of due process. He asserts two grounds for relief under Rule 59(e). First, he alleges he was denied due process in the disciplinary hearing on the conduct report he was given for possession of contraband. He claims he was denied a hearing which conformed to prison regulations and was found guilty of the conduct violation. He indicates he was placed in segregation. Second, he claims his property was confiscated and destroyed due to

the unauthorized actions of the Defendants, and that the post deprivation remedies supplied by the state were inadequate to redress the deprivation. Both claims fail to provide a basis for relief under Rule 59(e).

As an initial matter, neither ground for relief cites to a clear error of law in the Memorandum of Opinion and Order, an intervening change in the law, or newly discovered evidence. Plaintiff merely seeks to add new facts and new legal claims to bolster his case. Rule 59(e) does not present Plaintiff with a second opportunity to litigate his case or to present claims which could and should have been brought in the original pleading. *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374; *Keeweenaw Bay Indian Cmty. v. United States*, 940 F.Supp. 1139, 1141 (W.D. Mich. 1996).

Plaintiff's first claim presents an argument which was not asserted in the Complaint. In his pleading, he contested the destruction of his property. He did not present arguments challenging the conduct hearing before the Rules Infraction Board. He therefore cannot assert this claim for the first time in a Motion for Reconsideration. *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374.

Furthermore, even if it could be argued for the first time in a postjudgment motion, his first ground for relief would not state a claim. Prisoners have narrower liberty and property interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty or property interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The Due Process Clause, standing alone, confers no liberty or property interest in freedom from government action taken within the sentence imposed. *Sandin*, 515 U.S. at 480. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. "[T]he Constitution itself does not give rise to a

4

liberty interest in avoiding transfer to more adverse conditions of confinement." Wilkinson, 545 U.S. at 221.

Generally, unless the disciplinary action is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no liberty or property interest will be found in the case. *Sandin*, 515 U.S. at 484. Plaintiff does not provide much information in his Motion about the disciplinary hearing on the conduct report. He does not dispute the veracity of the factual allegations in the conduct reports, but claims he was under the authority of the mental health department and therefore could not be punished by the Rules Infraction Board. He also claims he was presented with the conduct report and told to sign it. He suggests he was found guilty of the conduct violation and was sent to segregation for a brief time. There is no indication in the Motion that he was subjected to disciplinary measures which presented a significant or unusual hardship in relation to the ordinary incidents of prison life. Consequently, he did not have a liberty or property interest to avoid punishment which was protected by the Due Process Clause.

Plaintiff's second claim in his Motion for Reconsideration is that his property was destroyed by unauthorized acts of the Defendants and his post-deprivation state remedies were inadequate. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). He contends he filed a case in the Ohio Court of Claims which was rejected on the merits. He claims this makes his remedy inadequate to provide relief.

Plaintiff already made this argument in his Complaint and I addressed it in the Memorandum of Opinion and Order. He filed a lawsuit based on these same facts in the Ohio Court of Claims, Case No. 2011-10762-AD, which was dismissed on the merits on February 15, 2012. In my Memorandum of Opinion and Order, I held that the state remedy was not inadequate to redress the deprivation just because Plaintiff did not receive a favorable judgment in the case. Plaintiff cannot

use a Rule 59(e) post judgment Motion to relitigate matters which were already addressed by the Court unless he bases his Motion on a clear error of law in my Memorandum of Opinion and Order, an intervening change in the law, or newly discovered evidence. *Keeweenaw Bay Indian Cmty*, 940 F.Supp. at 1141. He has not presented any of these arguments to justify relief under Rule 59(e).

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's Motion to determine its legal viability, I conclude it is without merit. Therefore, Plaintiff's Motion for Reconsideration (Doc. No. 6) is denied.

So Ordered.

                                                          s/Jeffrey J. Helmick
                                                          United States District Judge